FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 9 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

ANATOLIY ATABAYEV,

Defendant.

---

09-CR-455

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 3, 2009, Anatoliy Atabayev plead guilty to Count One of a single-count second superseding indictment which charged that between December 2008 and February 2009, the defendant, together with others, conspired to possess with intent to distribute MDMA, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Atabayev was sentenced on April 9, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 13 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between twelve and eighteen months. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(C). The maximum fine was $1,000,000.

Atabayev was sentenced to five years' probation. A $100 special assessment was imposed. A separate order of forfeiture was issued, pursuant to 21 U.S.C. §§ 853(a) and (p), in the amount of $3,900, as substitute assets for property which constitutes or is derived from proceeds traceable to the instant offense. Payment of the forfeiture amount has been made in full.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The instant offense is a serious one, and the court is disturbed by defendant's other brushes with the law, both prior to his arrest for the instant offense and during his period of pre-trial supervision. The defendant's intelligence and his earnest attempts to improve family and other relationships and to develop his professional skills reflect a good possibility that he can overcome his adverse background. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentence imposed. The sentence will send a clear message that any involvement drug distribution will result in punishment. Specific deterrence is achieved through probation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his commitment to self-improvement and his stable job as a mechanic.

Jack B. Weinstein
Senior United States District Judge

Dated: April 9, 2010
Brooklyn, New York

3